USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-30-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LaVIEN SALES,

            Plaintiff,

14 Civ. 8091 (PAC) (SN)

- against -

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

TWU LOCAL 100 VICE PRESIDENT BRIAN CLARK,
LOCAL 100 DIVISION CHAIRMAN RICHARD DAVIS,
KEN PAIGE, ED PICHARDO, and DWAYNE RUFFIN,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* plaintiff LaVien Sales sued officials of Local 100 of the Transport Workers Union for alleged violations of state and federal employment-discrimination laws. In substance, however, his claims are that the Local did not properly represent him in a dispute with his employer, the Metropolitan Transportation Authority (MTA), which had pressed disciplinary charges against him that led to his suspension, an arbitration, and his eventual termination.

The matter was referred to Magistrate Judge Michael H. Dolinger (Dkt. 5), and defendants moved to dismiss. (Dkt. 15.) On September 9, 2015, Magistrate Judge Dolinger issued a report and recommendation (R&R) recommending that the Court dismiss Sales's complaint, with leave to amend. (Dkt. 29.) The R&R noted the process and timeline for objecting to the R&R. (*Id.* at 22.) On September 30, 2015, the case was reassigned to Magistrate Judge Sarah Netburn, and on October 5, 2015, Magistrate Judge Netburn ordered the parties "to file a joint status letter no later than [October 12, 2015] providing the Court a brief statement of the claims and defenses, the current pre-trial schedule, the status of discovery and whether the parties have had settlement talks or wish to schedule a settlement conference at this time." (Dkt. 30.) On October 14 and November 12, 2015, the Court granted Sales an extension to file his objections to the R&R. (Dkt. 31, 33.) The deadline was

1

set at November 16, 2015. (Dkt. 33.) On November 17, 2015, Sales filed a document captioned "Reply to 10-5-2015 Order & Complaint." (Dkt. 34.) Although apparently an untimely response to Magistrate Judge Neburn's order to file a "joint status letter" with a "brief statement of the claims," the document is neither joint nor brief. It consists of 38 pages containing 170 enumerated paragraphs and exhibits. In substance the document greatly expands upon the claims raised in his complaint and includes many items of documentary evidence. The document is neither styled as objections to the R&R, nor does it raise any. Rather, it is best construed as an premature and unauthorized attempt to file an amended complaint. *See* Fed. R. Civ. P. 15.

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). When a timely objection is made to the magistrate judge's R&R, the Court must review the contested portions *de novo*, but it "may adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous." *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). If no objection is made to the R&R, the Court "need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Here, Sales has filed no objections to Magistrate Judge Dolinger's R&R. Reviewing for plain error, the Court finds no error in Magistrate Judge Dolinger's R&R and accordingly adopts its findings as its own. Sales's Title VII discrimination claim fails because he failed to exhaust that claim by presenting them to the appropriate administrative agency. *See* 42 U.S.C. § 2000e-5(e). His ADEA claim fails because his complaint includes no factual basis whatsoever for his claim that the local discriminated on the basis of age. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And even if the Court were to deem his Title VII and ADEA claims to be a fair-representation claim, that claim too would fail because Sales failed to make it within the 6-month limitations period. *See Kalyanaram v. Am. Ass'n of Univ. Profs. at N.Y.*

*Inst. of Tech, Inc.*, 742 F.3d 42, 46 (2d Cir. 2014). Finally, Sales's state-law claims are barred by the election-of-remedies provisions of N.Y. Exec. Law § 297(9) and N.Y.C. Admin. Code § 8-502(a).

Sales's Complaint (Dkt. 1) is DISMISSED with leave to amend. The Court construes Sales's Reply to 10-5-2015 Order & Complaint (Dkt. 34) as his amended complaint. The reference to Magistrate Judge Netburn is continued.

Dated: New York, New York
November 30, 2015

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy mailed by chambers to:

LaVien Sales
PO Box 1179
New York, NY 10027

3