
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-4-16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
LaVIEN SALES,

        *Plaintiff,*

     - against -

TWU LOCAL 100 VICE PRESIDENT BRIAN CLARK,
LOCAL 100 DIVISION CHAIRMAN RICHARD DAVIS,
KEN PAIGE, ED PICHARDO, and DWAYNE RUFFIN,

        *Defendants.*
------------------------------------------------------------x
------------------------------------------------------------x
LaVIEN SALES,

        *Plaintiff,*

     - against -

NEW YORK CITY METRO TRANSPORTATION
AUTHORITY/MABSTOA,

        *Defendants.*
------------------------------------------------------------x

14 Civ. 8091 (PAC) (SN)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

15 Civ. 8689 (PAC) (SN)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

On October 7, 2014, plaintiff LaVien Sales, proceeding *pro se* and *in forma pauperis*, filed Case No. 14 Civ. 8091 (the 2014 Case), alleging that officials of the Local 100 of the Transport Workers Union discriminated against him. While the 2014 Case was pending, Sales filed a second action, Case No. 15 Civ. 8689 (the 2015 Case), alleging employment discrimination against Metropolitan Transportation Authority (MTA), the New York City Transit Authority (NYCTA), and the Manhattan and Bronx Surface Transit Operating Authority (MaBSTOA). On June 14, 2016, Magistrate Judge Netburn issued an exceptionally thorough and well-reasoned report and recommendation (R&R), in which she recommends that the Court:

    1. Dismiss the 2015 Case without prejudice to pursuing such claims in the 2014 Case.

2. Dismiss all employment discrimination claims brought under Title VII against all individual defendants.

3. Dismiss all age discrimination claims brought under the ADEA, the NYSHRL, and the NYCHRL.

4. Dismiss all claims for failure to state claim or on immunity grounds against Defendants Robert Felman, Patrick Lyons, Joseph Micelotta, Evette Vargas, Jimmy Moats, Omar Bolano, Monique Baptise, Denise Washington, Hillary Tomlinson, Thomas Hill, Rodney Goddard, Chris Sohl, AK Jeffery, Howard Roberts, Carmen Bianca, SLD Lamaze, C Johnson, John Samuleson, Anita Miller, Reinaldo Rios, Denis Engel, Steven Farkas, Stephen Downs, Arthur Schwartz, Tracy Kiernan, Mitchell Paluszek, Craig Costa, Robert Grey, and Thomas Latimer.

5. Order the Plaintiff to show cause why his claims under the New York State and City Human Rights Law against all defendants should not be dismissed as barred pursuant to the statutory election-of-remedies provision. If the Plaintiff cannot demonstrate that his complaints filed with the Division of Human have been dismissed on the grounds of (1) administrative convenience; (2) untimeliness, or (3) annulment by the Plaintiff, the Court recommends dismissal of such claims for lack of jurisdiction.

6. Dismiss any construed defamation claims as time-barred.

7. Dismiss all RICO claims against all defendants.

8. Deny as moot and without prejudice the pending motion to dismiss at ECF Docket No. 40 of the 2014 Case in light of the consolidation of the 2014 and 2015 cases and the newly deemed final amended complaint.

R&R (Dkt. 61) at 24–25.[1]

Sales objects to the R&R. First, he states that he "respectfully withdraws his discrimination claims," leaving only the "Due Process and Fraud Violations." Obj. (Dkt. 70) at 1. Accordingly, all claims brought under Title VII, the ADEA, the NYSHRL, and the NYCHRL are dismissed. Although Sales does not specifically withdraw his RICO claims (or the construed defamation claims), he does not object to those portions of the R&R recommending dismissal, and the Court finds no clear error. The claims are dismissed. The majority of Sales's objection, however, is a

---

[1] A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). When a timely objection is made to the magistrate judge's R&R, the Court must review the contested portions *de novo*, but it "may adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous." *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). If no objection is made to the R&R, the Court "need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

laundry list of named defendants with brief descriptions of how those people wronged him. The problem is that Sales does not respond to any of the legal reasons identified by Magistrate Judge Netburn why his claims against those defendants fail; he merely reasserts the allegations he already made in his many pleadings and letters to the Court.

Accordingly, the Court ADOPTS Magistrate Judge Netburn's June 14, 2016 R&R in full, insofar as the R&R's recommendations are not rendered moot by Sales's withdrawal of his discrimination claims. The Clerk of Court is directed to terminate Case No. 15 Civ. 8689. The reference to Magistrate Judge Netburn is continued.

Dated: New York, New York
August 4, 2016

SO ORDERED

*Paul Crotty*

PAUL A. CROTTY
United States District Judge

Copy mailed by chambers to:

LaVien Sales
PO Box 1179
New York, NY 10027