USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/16/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LAVIEN SALES,

                             **Plaintiff,**                  14-CV-08091 (PAC)(SN)

       -against-                                    **OPINION AND ORDER**

**TWU LOCAL 100 VICE PRESIDENT
BRIAN CLARK, et al.,**

                             **Defendants.**

-----------------------------------------------------------------X
-----------------------------------------------------------------X

**LAVIEN SALES,**

                             **Plaintiff,**

       -against-                                  15-CV-08689 (PAC)(SN)

**NEW YORK CITY METRO TRANSPORTATION
AUTHORITY/MABSTOA,**

                             **Defendant.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       By letter dated September 6, 2016, and filed to the docket on September 13, 2016, pro se plaintiff Lavien Sales moves the Court to impose sanctions on defendant TWU Local 100 (the "Union") and its attorney, Steven Charles Farkas. Sales alleges that the Union and Mr. Farkas acted in bad faith by knowingly including false statements in the memorandum of law and accompanying exhibits submitted in support of the Union's motion to dismiss.

       "The Court has inherent power to sanction parties and their attorneys, a power born of the practical necessity that courts be able to manage their own affairs so as to achieve the orderly

and expeditious disposition of cases." Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 79 (2d Cir. 2000) (internal quotations and citations omitted). Under the Court's sanctioning powers, "[a] court may not impose sanctions . . . unless the party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Hawley v. Mphasis Corp., 302 F.R.D. 37, 46 (S.D.N.Y. 2014) (quoting Cretella v. Liriano, 370 F. App'x 157, 159 (2d Cir. 2010) (citation omitted)). "The district court must find bad faith in order to impose such sanctions and bad faith must be shown by 'clear evidence' that the actions in question are taken for 'harassment or delay or . . . other improper purposes.'" Cretella, 370 F.3d at 158 (quoting United States v. Int'l Bhd. of Teamsters, 948 F.2d 1138, 1345 (2d Cir. 1991)); Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110, 114 (2d Cir. 2009).

Here, Sales has failed to present "clear evidence" that the Union and Mr. Farkas submitted false statements in their submissions to the Court in support of the Union's motion to dismiss. Accordingly, Sales's motion for sanctions is denied. The Clerk of Court is directed to terminate the motions at ECF No. 89 in 14 Civ. 08091 and ECF No. 13 in 15 Civ. 08689.

The Court also reminds Sales that pursuant to its June 14, 2016 order, all remaining claims have been consolidated under the 2014 case. All future submissions should be filed *only* to the docket for 14 Civ. 08091.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         September 16, 2016

cc:      Lavien Sales (*by Chambers*)
         PO Box 1179
         New York, NY 10027