UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LAVIEN SALES,

                              Plaintiff,                          **14-CV-08091 (PAC)(SN)**

          -against-                                               **OPINION AND ORDER**

TWU LOCAL 100 VICE PRESIDENT
BRIAN CLARK, et al.,

                              Defendants.

-----------------------------------------------------------------X
-----------------------------------------------------------------X

LAVIEN SALES,

                              Plaintiff,

          -against-                                               **15-CV-08689 (PAC)(SN)**

NEW YORK CITY METRO TRANSPORTATION
AUTHORITY/MABSTOA,

                              Defendant.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

          By letter dated September 6, 2016, and filed to the docket on September 13, 2016, pro se

plaintiff Lavien Sales moves the Court to grant his request for pro bono counsel. For the reasons

set forth below, the motion is denied without prejudice.

          A federal judge has "broad discretion" when deciding whether to appoint counsel to an

indigent litigant. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). "There is no

requirement that an indigent litigant be appointed pro bono counsel in civil matters." Burgos v.

Hopkins, 14 F.3d 787, 789 (2d Cir. 1994); 28 U.S.C. § 1915(e).

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "the factor which command[s] the most attention [is] the merits." Indeed:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent. Id.

Here, Sales filed this action, seemingly pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the New York State and New York City human rights laws, N.Y. Exec. Law § 296 and N.Y.C. Admin. Code §8-107, alleging discrimination on the basis of race. The merits of Sales's case are not so apparent as to warrant the appointment of counsel.

Accordingly, the Court denies Sales's application without prejudice. The Clerk of Court is directed to terminate the motions at ECF No. 90 in 14 Civ. 08091 and ECF No. 14 in 15 Civ. 08689.

The Court also reminds Sales that pursuant to its June 14, 2016 order, all remaining claims have been consolidated under the 2014 case. All future submissions should be filed *only* to the docket for 14 Civ. 08091.

**SO ORDERED**

DATED:      New York, New York
            September 16, 2016

_____
SARAH NETBURN
United States Magistrate Judge

cc:         Lavien Sales (*by Chambers*)
            PO Box 1179
            New York, NY 10027