```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 6, 2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
LAVIEN SALES,

                Plaintiff,

       - against -

TWU LOCAL 100 VICE PRESIDENT BRIAN CLARK,
et al.,

                Defendants.
------------------------------------------x

14 Civ. 8091 (PAC) (SN)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* plaintiff LaVien Sales brings this action against the Vice President of the Local 100 of the Transport Workers Union, Brian Clark, and four individuals affiliated with the Local 100, Richard Davis, Ken Paige, Ed Pichardo, and Dwayne Ruffin (together, the "Union Defendants"); and the Metropolitan Transportation Authority ("MTA"), the New York City Transit Authority ("NYCTA"), the Manhattan and Bronx Surface Transit Operating Authority ("MaBSTOA"), and three individual employees, Amelia Ramirez, Sheila Gatling, and Daniel Hogan (together, the "MTA Defendants"). Sales alleges that the Union Defendants breached their duty of fair representation ("DFR") in connection with disciplinary charges brought against him, and he brings fraud and due process claims against the MTA Defendants. Sales also appears to pursue claims under Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") against all defendants, even though those claims were previously withdrawn and dismissed. *See* Dkt. 74.

On February 3, 2017, Magistrate Judge Netburn issued an amended Report and Recommendation ("R&R") that Sales' complaint be dismissed with prejudice. *See* Dkt. 124. Sales has filed no objection to the R&R.

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, where there is no objection to an R&R, the Court "need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). Because Sales has filed no objection to the R&R, the Court reviews the R&R for clear error. Finding none, the Court adopts Magistrate Judge Netburn's R&R.

Sales' DFR claims are time-barred under federal and state law. *See Ifill v. N.Y. State Court Officers Ass'n*, 655 F. Supp. 2d 382, 394 (S.D.N.Y. 2009). Sales also cannot bring a due process claim because the process he received pre-deprivation was adequate. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985); *cf. Vargas v. Manhattan & Bronx Surface Transit Operating Auth.*, 08 Civ. 9254 (AKH), 2010 WL 1783555, at *8 (S.D.N.Y. Apr. 30, 2010). And Sales cannot bring his state-law fraud claims because they are time-barred, and in any event, Sales failed to provide notice of his claims. *See* N.Y. Pub. Auth. Law § 1212(2); *Hardy v. N.Y. City Health & Hosp. Corp.*, 164 F.3d 789, 793–94 (2d Cir. 1999).

Even if Sales had not already withdrawn his Title VII, NYSHRL, and NYCHRL claims, they would still be dismissed. Sales is precluded from bringing his NYSHRL and NYCHRL claims because he "filed a complaint . . . with [a] local commission on human rights." *See* N.Y. Exec. L. § 297(9); *Moodie v. Fed. Reserve Bank of N.Y.*, 58 F.3d 879, 882 (2d Cir. 1995); *see*

2

also N.Y.C. Admin. Code § 8-502(a). Sales also fails to state a Title VII claim because he does not adequately allege that race was a motivating factor in any of the relevant actions purportedly taken against him. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015); *Vaughn v. Am. Tel. & Tel. Co.*, 92 F. App'x 21, 23 (2d Cir. 2004) (summary order).

Finally, to the extent Sales raises First Amendment claims, they are improperly raised for the first time in his opposition, and the Court therefore does not consider them.

The defendants' motions to dismiss are granted. Because the Court determines that further amendment would be futile, the amended complaint is dismissed with prejudice. The Clerk of Court is directed to close the motions at Dkt. 71 and 103, enter judgment, and close this case.

Dated: New York, New York
March 6, 2017

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy mailed by chambers to:

LaVien Sales
PO Box 1179
New York, NY 10027